J-A23019-15 & J-A23020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ELEANOR REGINELLI AND ORLANDO REGINELLI | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MARCELLUS BOGGS, M.D., AND MONONGAHELA VALLEY HOSPITAL, INC., AND UPMC EMERGENCY MEDICINE, INC., D/B/A EMERGENCY RESOURCE MANAGEMENT, INC. | |
| APPEAL OF: MONONGAHELA VALLEY HOSPITAL, INC. | No. 1584 WDA 2014 |

Appeal from the Order Entered August 29, 2014
In the Court of Common Pleas of Washington County
Civil Division at No(s): 2012-5172

\*\*\*\*\*

| | |
|---|---|
| ELEANOR REGINELLI AND ORLANDO REGINELLI | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MARCELLUS BOGGS, M.D., AND MONONGAHELA VALLEY HOSPITAL, INC., AND UPMC EMERGENCY MEDICINE, INC., D/B/A EMERGENCY RESOURCE MANAGEMENT, INC. | |
| APPEAL OF: UPMC EMERGENCY MEDICINE, INC., AND MARCELLUS BOGGS, M.D. | No. 1585 WDA 2014 |

Appeal from the Order Entered August 29, 2014
In the Court of Common Pleas of Washington County
Civil Division at No(s): 2012-5172

BEFORE:  GANTMAN, P.J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED OCTOBER 23, 2015**

Appellants, UPMC Emergency Medicine, Inc., doing business as Emergency Resource Management, Inc. ("ERMI"), Marcellus Boggs, M.D., and Monongahela Valley Hospital, Inc. (the "Hospital"), seek review of the order directing the Hospital to produce specific documents over Appellants' claim of privilege.[1]  After careful review, we affirm.

The relevant factual and procedural history of this matter is as follows:

In January 2011, [Appellee] Eleanor Reginelli (hereinafter "Mrs. Reginelli") experienced chest pain, and was taken to [Appellant] Marcellus Boggs, M.D. (hereinafter "Dr. Boggs"), an employee of [Appellant] UPMC Emergency Medicine, Inc., d/b/a Emergency Resource Management, Inc. (hereinafter "ERMI").  In August 2012, [Appellees] brought suit, alleging that Dr. Boggs' negligence resulted in permanent damage to Mrs. Reginelli's heart.  In the course of discovery, [Appellees] learned Dr. Brenda Walther – an ERMI employee who was Dr. Boggs' supervisor at the Hospital – kept performance data for the emergency department physicians at the Hospital.

[Appellees] requested this performance data, which included, but was not limited to, Dr. Boggs' performance file.  [Appellants] objected to this discovery request, and, on June 19, 2014, this [c]ourt heard argument on [Appellees'] motion to compel.  On August 29, 2014, this [c]ourt granted Plaintiffs' motion. . . .

_____

[1] Appellant Hospital filed an appeal and Appellants ERMI and Dr. Boggs filed a separate appeal of the order.  As the issues raised in the two appeals are identical, we dispose of both appeals simultaneously in this memorandum.

[Appellants] Boggs, the Hospital, and ERMI appealed,[2] but only with regard to Dr. Boggs' performance file.

Trial Court Opinion, 11/25/14, at 1-2.

Appellants raise the following issues on appeal:

1. Whether the August 29, 2014 [order] granting Plaintiffs' [m]otion to [c]ompel [d]iscovery[] is a collateral order appealable as of right pursuant to Pa.R.A.P. 313, when that order compels production of documents protected from production as privileged under the Pennsylvania Peer Review Protection Act[.]

2. Whether the trial court committed an error of law in issuing its August 29, 2014 [order,] as it pertained to Plaintiffs' Document Request Number 10, requesting "the complete 'performance file' for [Dr.] Boggs maintained by Dr. Walther as she described during her recently reconvened deposition" when the evidence of record shows [the] file and documents contained therein are the result of the review and evaluation by the Director of Emergency Services at Monongahela Valley Hospital, Inc.[,] in accordance with the Pennsylvania Peer Review Protection Act[,] of the quality and efficiency of health care services being performed and provided to patients by other physicians, and therefore that file is privileged and protected from discovery under that act.

Brief for Appellant, Monongahela Valley Hospital, Inc., at 5-6.

_____

[2] The Reginellis assert that ERMI and Dr. Boggs are not aggrieved parties and have no standing to appeal the order granting the motion to compel since it compelled production from the Hospital only. However, ERMI and Dr. Boggs take the position that they are aggrieved because Dr. Boggs' performance file was created and maintained solely on behalf of ERMI. On this basis, ERMI and Dr. Boggs assert that the performance file is privileged as peer review. Thus, ERMI and Dr. Boggs have a direct interest in the outcome. *Cf. Harrison v. Hayes*, 870 A.2d 326, 330 (Pa. Super. 2005) (non-party entity which did not allege peer review privilege did not have standing to appeal grant of motion compelling defendant hospital to produce documents).

We begin by considering whether the order compelling production of Dr. Boggs' performance file is an appealable order. Ordinarily,

> [a]n appeal may be taken only from a final order unless otherwise permitted by statute or rule. A final order is ordinarily one which ends the litigation or disposes of the entire case; however, "[a]n appeal may be taken as of right from a collateral order of an administrative agency or lower court." Pa.R.A.P. 313(a). A collateral order is defined under Pa.R.A.P. 313(b) as "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost."

**Ben v. Schwartz**, 729 A.2d 547, 550 (Pa. 1999).

Instantly, the trial court has ordered disclosure of Dr. Boggs' performance file, comprised of documents which Appellants assert are confidential pursuant to the Pennsylvania Peer Review Protection Act (the "Act").[3] Such orders are reviewable by this Court as collateral orders under Pa.R.A.P. 313. First, "the issue of privilege is separate from the merits of the dispute for purposes of the collateral order doctrine." **Ben**, **supra** at 552. Secondly, if the trial court granted disclosure in error, the confidential nature of allegedly protected documents would be irreparably lost. **See Dodson v. DeLeo**, 872 A.2d 1237 (Pa. Super. 2005) (in professional negligence action, order requiring disclosure of information hospital contended was protected from discovery pursuant to the Act was appealable

---

[3] 63 P.S. §§ 425.1-425.4.

collateral order since confidential nature of documents would be lost if disclosed). Thus, the order granting the Reginellis' motion to compel discovery is an appealable collateral order.

Next, we turn to whether the trial court committed an error of law in ordering the disclosure of Dr. Boggs' performance file. Appellants assert that the performance file is protected from discovery pursuant to the Act. In our analysis of whether the performance file is protected, we note that the purpose of the Act is "to facilitate self-policing in the health care industry" and that the "medical profession itself is in the best position to police its own activities." **Dodson**, **supra** at 1242.

The medical profession regulates itself via peer review, defined as "a procedure for evaluation by professional health care providers of the quality and efficiency of services ordered or performed by other professional health care providers." **Venosh v. Henzes**, ____ A.3d ____, 2015 PA Super 169, *2 (filed August 7, 2015) (citing 63 P.S. § 425.2). Regarding peer review, the Act mandates that "proceedings and records of a review committee shall be held in confidence." 63 P.S. § 425.4. However, "under the express terms of the Act, 'peer review occurs only when one professional health care provider is evaluating another professional health care provider.'" **Venosh**, **supra** at *2 (quoting **Yocabet v. UPMC Presbyterian**, 119 A.3d 1012, 1021 (Pa. Super. 2015)).

The parties dispute whether the contents of Dr. Boggs' performance file are privileged peer review records and whether Appellants may invoke

the protection of the Act. We note that the "party invoking a privilege must initially set forth facts showing that the privilege has been properly invoked." *Yocabet*, *supra* at 1019. As with other privileges, the privilege arising under the Act applies only to information that remains private. *See Dodson*, *supra* at 1243 (peer review privilege could be invoked because "documents were both generated and used exclusively by [] peer review department").

Here, the alleged peer review was conducted by Dr. Walther, an ERMI employee. Dr. Boggs' performance file was "created and maintained solely by Dr. Walther on behalf of her employer." Reply Brief of ERMI and Boggs, at 6. The Hospital therefore cannot claim that the file is the Hospital's privileged peer review, since, as the trial court noted, "it is untenable that the Hospital could claim a privilege for documents that it neither generated nor maintained." Trial Court Opinion, 11/25/14, at 2-3. Thus, any privilege that may exist regarding Dr. Boggs' performance file cannot be invoked by the Hospital.

ERMI and Dr. Boggs are also unable to claim privilege pursuant to the Act. First, ERMI, as an independent contractor staffing the Hospital's emergency room, is not an entity enumerated in the Act as being protected by peer review privilege. *See* 63 P.S. § 425.2; *see also McClellan v. Health Maint. Org. of Pennsylvania*, 686 A.2d 801, 806 (Pa. 1996) (professional health care providers that may conduct privileged peer review are either direct health care practitioners or administrators of a health care

facility). Secondly, even if ERMI were considered to be an entity entitled to assert the Act's peer review privilege, Dr. Boggs' performance file did not remain exclusive. Instead, it is apparent that ERMI shared the file with the Hospital, since the Reginellis sought the file from the Hospital and the Hospital has provided it *in camera*. Thus, any privilege for Dr. Boggs' performance file that may have existed was destroyed via disclosure to the Hospital.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/23/2015