Patricia HARRISON, Appellee,

v.

Timothy J. HAYES, M.D., Margaret E.
Marcinik, D.O., Mercy Fitzgerald Hospital and Mercy Health System.

Appeal of: Margaret E. Marcinik, D.O.,
Mercy Fitzgerald Hospital and
Mercy Health System.

Superior Court of Pennsylvania.

Argued Oct. 26, 2004.
Filed Feb. 3, 2005.
Reargument Denied April 13, 2005.

Arthur B. Keppel, Philadelphia, for appellants.

Donna A. Casasanto, Springfield, for Harrison, appellee.

BEFORE: DEL SOLE, P.J., GANTMAN and OLSZEWSKI, JJ.

OPINION BY DEL SOLE, P.J.:

¶ 1 We are presented with three consolidated appeals taken from trial court orders which required the production of certain discovery materials over challenges based on claims of privilege. We quash all three appeals.

¶ 2 The underlying action was instituted by Appellee, Patricia Harrison, who claimed she had suffered damages as a result of medical malpractice arising from her care and treatment at Mercy Fitzgerald Hospital, following a sledding accident. Harrison named Drs. Timothy J. Hayes and Margaret E. Marcinik as defendants, along with Mercy Fitzgerald Hospital and Mercy Health System. Extensive discovery in the case then ensued. Challenges to certain discovery matters resulted in three separate rulings which form the basis for the three appeals now before us. Two of these appeals, No. 324 EDA 2004, and No. 326 EDA 2004 are interlocutory and non-appealable at this stage of the proceedings. We need not reach a conclusion regarding the appealability of the third appeal, No. 325 EDA 2004, because the aggrieved party did not file the appeal, and it is quashed on that basis.

*Appeals at No. 324 EDA 2004 and No. 326 EDA 2004*

¶ 3 Underlying appeal No. 324 is a notice by Harrison of the taking of an oral deposition and a demand for the production of a corporate designee "to testify regarding the policies, procedures and practices of physician credentialing, privileging and re-privileging" as they would relate to Drs. Marcinik and Hayes. Appellants filed a Motion for Protective Order with the trial court seeking relief from the command to produce a witness to testify to these matters, claiming that the information sought was protected by the Peer Review Protection Act, 63 P.S. §§ 425.1–425.4. The trial court denied Appellants' motion, prompting an appeal.

¶ 4 Harrison also filed a motion seeking to compel more specific answers to certain interrogatories and requests for production of documents related to the applications for staff appointment and privileges of Drs. Marcinik and Hayes. Appellants filed a response to the motion to compel, claiming the documents sought were privileged under the Peer Review Protection Act. The trial court issued an order granting Harrison's motion and ordering Mercy Fitzgerald Hospital and Mercy Health System to "provide copies of Dr. Hayes' initial staff application and applications for re-appointment and re-privileging with all supporting documents submitted with the application." An appeal from this order is docketed at No. 326 EDA 2004.

¶ 5 Before we are able to undertake a review of the merits of Appellants' claims it is first necessary to examine the appealability of the orders at issue. Because these orders are not final orders, see Pa.R.A.P. 341(b), we must review whether they are nevertheless appealable under the collateral order doctrine. See Pa.R.A.P. 313. A non-final order may be appealed as of right if it is "separable from and collat-

eral to the main action, involves a right too important to be denied review and, if review is postponed, the right will be irreparably lost." *Gocial v. Independence Blue Cross*, 827 A.2d 1216, 1220 (Pa.Super.2003); Pa.R.A.P. 313. The collateral order doctrine conveys the right to appeal simply by filing a Notice of Appeal, provided that the party appealing has satisfied this three-pronged prerequisite. *Commonwealth v. Dennis*, 859 A.2d 1270, 1277 (Pa.2004). The three requirements for an appealable collateral order must remain stringent in order to prevent undue corrosion of the final order rule. *Melvin v. Doe*, 575 Pa. 264, 836 A.2d 42, 47 (2003). "To that end, each prong of the collateral order doctrine must be clearly present before an order may be considered collateral." *Id.*

¶ 6 In undertaking an examination of the question of whether the orders at issue are collateral orders, we are aided by this Court's recent decision in *Jacksonian v. Temple Univ. Health Sys. Found.*, 2004 PA Super 450, 862 A.2d 1275. Therein the defendants sought to appeal a trial court's discovery order directing the defendant hospital to answer interrogatories which sought information regarding queries made or not made by the hospital to the National Practitioner Data Bank. The Data Bank is a source for collecting information about malpractice judgments, settlement and disciplinary actions regarding physicians. The defendants claimed the information sought was privileged, but the trial court ultimately rejected this claim and ordered the hospital to disclose whether it made the relevant inquires, and if it did not make them, it was ordered to disclose the names of those physicians and the reasons why an inquiry was not made.

¶ 7 On appeal of the trial court's order, the Superior Court first addressed whether the matter was properly before it as an appeal of a collateral order. The court noted that the collateral order rule must be interpreted narrowly and that all three elements of the rule must be satisfied. *Id.*, 7. The court in *Jacksonian* reviewed the question of whether the right involved was too important to be denied review. It noted that such a right must be deeply rooted in public policy and that a claim of privilege could satisfy this definition. *Accord Commonwealth v. Dennis*, 859 A.2d 1270 (finding a discovery order compelling the production of defense notes taken during jury selection process was a collateral order where the question of privilege involving the work-product doctrine involved one of the most fundamental tenets of our system of jurisprudence, deeply rooted in public policy); *Melvin v. Doe*, 575 Pa. 264, 836 A.2d 42 (2003) (finding that the constitutional right to anonymous free speech is a right deeply rooted in public policy that goes beyond this particular litigation, and that it falls within the class of rights that are too important to be denied review.)

¶ 8 The *Jacksonian* court found the importance prong of the collateral order rule was not satisfied in the case before it because the discovery order at issue did not involve privileged information. The court noted that while the information contained in the data bank is privileged and its disclosure prohibited, the disclosure of whether a hospital made inquires or why it did not make inquiries, does not seek the discovery of privileged information.

¶ 9 The court in *Jacksonian* distinguished the case of *Ben v. Schwartz*, 556 Pa. 475, 729 A.2d 547 (1999), wherein a trial court ordered the Bureau of Professional and Occupational Affairs to produce investigative files relating to the defendant-dentist in a dental malpractice case. It noted that in *Ben* our Supreme Court found the importance prong of the rule satisfied because the agency's investigative

powers would be hindered by the release of the information sought because witnesses would not feel free to provide information. *Jacksonian*, 13, citing *Ben*, 729 A.2d at 552. The court in *Jacksonian* found that, unlike *Ben*, the information sought in its case was important only to the parties involved and it was not privileged and not deeply rooted in public policy. Accordingly, the court ruled the order was not a collateral order; rather it was interlocutory and non-appealable, and the appeal from the order was quashed.

¶ 10 Applying the analysis of *Jacksonian* to the case before us causes us to conclude that the appeals of the discovery orders at issue are interlocutory and must be quashed. The orders issued by the trial court do not satisfy the importance prong of the collateral order rule because they concern only the parties involved, do not concern issues impacting any deeply rooted public policy, and do not seek the disclosure of privileged information. Information about the general policies, procedures and practices for the credentialing of physicians at defendant hospital, which is the subject of the appeal at No. 324 EDA 2004, does not seek private information setting forth the reasons a decision was made regarding the credentialing of any specific applicant. In a very general way it seeks to establish the procedure used by an employer for selecting and retaining its employees. Unlike the situation in *Ben* and *Dennis*, the discovery ordered does not implicate any public policy concerns.

¶ 11 At No. 326 EDA 2004, the trial court ordered the defendant-hospital to provide copies of the defendant-doctors' staff applications for appointment or re-appointment with all supporting documents submitted with the application. Under this request, privileged information is not being sought. *Contrast Young v.*

*Western Pa. Hosp.*, 722 A.2d 153 (Pa.Super.1998) (finding a demand for all documents relating to a peer review committee's review of a defendant doctor's staff privileges was an open-ended fishing expedition which could not be defended under the Peer Review Protection Act.) The Peer Review Protection Act protects the confidentiality of a review organizations records and proceedings. 63 P.S. § 425.4. The information ordered to be disclosed, a physician's application for appointment and supporting documents submitted with it, does not require the disclosure of information generated by a review committee as part of a deliberative process undertaken to evaluate a candidate for employment. Authorizing the disclosure of a potential employee's application for employment and the information submitted with it in support of that application does not implicate any general public policy concerns and it will not impact other hospitals or applicants in any way.

¶ 12 In concluding that the importance prong of the collateral order test has not been met, we need not further examine the remaining prongs. Accordingly, it cannot be found that the orders on appeal are separate and collateral to the underlying issues in this case. See *Jacksonian*, 16. For these reasons, we conclude that the orders are not collateral orders and the appeals from these orders are not properly before us at this time.

*Appeal at No. 325 EDA 2004*

¶ 13 This appeal follows the entry of a trial court order issued in response to Harrison's notice of intent to serve a subpoena to a nonparty, Riddle Memorial Hospital. The subpoena sought to have Riddle Memorial Hospital produce documents and information related to the application of Dr. Hayes for privileges, and the privileges granted. Appellants objected to

the notice of intent to serve the subpoena. Harrison filed a motion to quash the objection, and this motion was granted by the trial court. Accordingly, the trial court authorized service of a subpoena which will seek documents provided to Riddle Memorial Hospital in connection with Dr. Hayes' application for privileges, and the information considered and decision made by the hospital with regard to the granting of any such privileges.

■ ¶ 14 Despite the fact that the subpoena will not seek information from Appellants, but rather from a non-party entity, it was Appellants who filed this appeal. They are not the party in interest to whom any alleged privilege belongs. Any privilege to be asserted belongs to Riddle Memorial Hospital, as it alone can claim its records are privileged. Accordingly, Appellants lack standing to take this appeal. Thus, we quash the appeal at No. 325 EDA 2004.

¶ 15 Appeals quashed.