J-S79025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CHARLES SMITH :
:
Appellant : No. 689 MDA 2018

Appeal from the Order March 21, 2018
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0005603-2016

BEFORE: SHOGAN, J., OLSON, J., and MUSMANNO, J.

JUDGMENT ORDER BY OLSON, J.:          **FILED: JANUARY 30, 2019**

Appellant, Charles Smith, appeals *pro se* from the March 21, 2018 order dismissing his filing purporting to seek relief under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.   We quash.

As our resolution is based on the procedural posture of this case, we decline to set forth the factual background.  On November 18, 2016, the Commonwealth charged Appellant via criminal information with drug delivery resulting in death and possession with intent to deliver a controlled substance. Counsel was appointed but moved to withdraw.  After a **Grazier** hearing,[1] the trial court granted counsel's motion to withdraw and permitted Appellant to proceed *pro se*.  On March 16, 2018, while the charges were still pending,

_____

[1] **See Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

Appellant filed a purported *pro se* PCRA petition. On March 21, 2018, the trial court purported to dismiss the petition. This appeal followed.

We first *sua sponte* consider whether we have jurisdiction over this appeal. **See Knopick v. Boyle**, 189 A.3d 432, 436 (Pa. Super. 2018). Generally, we only have jurisdiction over appeals from final orders. **Shearer v. Hafer**, 177 A.3d 850, 855 (Pa. 2018) (citation omitted). "An order denying pre-trial *habeas corpus* relief is not a final order but, rather, is an interlocutory order and, thus, is not immediately appealable by right." **Commonwealth v. Bibbs**, 970 A.2d 440, 452 (Pa. Super. 2009), *appeal denied*, 982 A.2d 1227 (Pa. 2009) (cleaned up). Hence, if Appellant's filing were a motion for pre-trial *habeas corpus* relief, we lack jurisdiction over this appeal. If, however, as the trial court found, Appellant's filing was a PCRA petition, the March 21, 2018 order was a final order and we have jurisdiction over this appeal.

We must look to the contents of a filing to determine its character and not merely the title a party ascribes thereto. **See Commonwealth v. Descardes**, 136 A.3d 493, 503 (Pa. 2016). Although titled a PCRA petition, it is evident that the filing was actually a pre-trial *habeas corpus* petition. A PCRA petition may only be filed after a defendant is convicted and a judgment of sentence is issued. **See** 42 Pa.C.S.A. § 9542. The PCRA is the means by which a defendant challenges that conviction and/or sentence. **See id.** In his filing, Appellant did not seek to overturn a conviction or sentence. Instead, he made various arguments about why the case should be dismissed prior to

disposition of the charges.  Properly construed, this filing constituted a pre-trial petition for *habeas corpus* relief.  Therefore, the trial court's order denying the petition is interlocutory and we lack jurisdiction over this appeal.

Appeal quashed.


Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 01/30/2019