J-A01004-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SERGEI KOVALEV | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BORIS RUBINSTEIN, DMD AND | : | No. 2396 EDA 2022 |
| GRACE WOO, DMD AND YES | : | |
| DENTAL, PC | : | |

Appeal from the Order Entered August 24, 2022
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 220201916

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and COLINS, J.[*]

JUDGMENT ORDER BY LAZARUS, P.J.: **FILED FEBRUARY 21, 2024**

Sergei Kovalev appeals, *pro se*, from the order, entered in the Court of Common Pleas of Philadelphia County, sustaining preliminary objections filed by Boris Rubinstein, D.M.D., and Yes Dental, P.C. ("Yes"), and dismissing Kovalev's complaint with prejudice. In its Pa.R.A.P. 1925(a) opinion, the trial court contends that, while it properly sustained the preliminary objections and dismissed the claims against Dr. Rubinstein and Yes, it erroneously dismissed the entire complaint, as Kovalev's claims against Grace Woo, D.M.D., remain

_____

[*] Retired Senior Judge assigned to the Superior Court.

pending.[1] As a result, the court requests that we reverse that portion of the order dismissing Kovalev's entire complaint. We quash the appeal.[2]

Because Kovalev's claims against Dr. Woo were erroneously dismissed, it is clear that Kovalev's appeal of the order sustaining the preliminary objections of Dr. Rubinstein and Yes is premature. "[T]he appealability of an order directly implicates the jurisdiction of the court asked to review the order." **Knopick v. Boyle**, 189 A.3d 432, 436 (Pa. Super. 2018) (internal citation omitted). Appellate courts generally have jurisdiction only over appeals taken from a final order. **In re Bridgeport Fire Litigation**, 51 A.3d 224, 229 (Pa. Super. 2012). A final order is one that "disposes of all claims and of all parties [or] is entered as a final order pursuant to subdivision (c)[3] of this rule[.]" Pa.R.A.P. 341(b).

---

[1] Kovalev suggests in his appellate brief that he has settled his claims against Dr. Woo. **See** Brief of Appellant, at 16 ("Defendant [Dr.] Grace Woo was a part of this legal action but as of present time, she is excluded . . . from this appeal . . . due to the conditions reached between [Kovalev] and [Dr.] Woo."). However, there is no notation on the trial court docket indicating that Kovalev has withdrawn his claims against Dr. Woo. As of the date this appeal was filed, Dr. Woo had filed an answer and new matter, to which Kovalev had replied, and the claims against her were still pending. **See** Docket Entries 13 and 16.

[2] Pursuant to Pa.R.A.P. 1701(b)(1), a trial court retains the authority to correct its order even after an appeal is taken. **See** Pa.R.A.P 1701(b)(1) (trial court has authority to "correct formal errors in papers relating to the matter" even after an appeal is taken and the time period under 42 Pa.C.S.A. § 5505 has expired). As such, we instruct the trial judge to do so upon remittal of the record on appeal.

[3] Rule 341(c) provides:
*(Footnote Continued Next Page)*

Here, because Kovalev's claims against Dr. Woo are still pending, the court's order is not a final one as contemplated by Rule 341(b). Accordingly, we quash Kovalev's appeal.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 2/21/2024

---

(c) Determination of Finality. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.

Pa.R.A.P. 341(c). An application for a determination of finality must be filed within 30 days of entry of the challenged order. **See** Pa.R.A.P. 341(c)(1). Kovalev did not file an application for determination of finality with the trial court.