J-S13015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DAN EDWARD CALLEN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MAE ELAINE FOERTSCH | : | |
| | : | |
| Appellant | : | No. 1259 WDA 2023 |

Appeal from the Order Entered September 25, 2023
In the Court of Common Pleas of Butler County Civil Division at No(s):
22-10530

BEFORE:   KUNSELMAN, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED: MAY 15, 2024**

Appellant Mae Elaine Foertsch appeals from the order entered in the Court of Common Pleas of Butler County, which granted judgment on the pleadings in favor of Appellee Dan Edward Callen in the underlying action to quiet title. After a careful review, we quash this appeal.

The relevant facts and procedural history are as follows: On July 27, 2022, Appellee filed a civil complaint against his niece, Appellant. Therein, Appellee averred that, on May 30, 1990, he and his sister, Elaine Sue Callen-Foertsch ("Ms. Callen-Foertsch"), inherited a 125-acre parcel of property "as joint tenants with right of survivorship, and not as tenants in common." Appellee's Complaint, filed 7/27/22, exhibit A (deed dated 5/30/90).

_____

[*] Former Justice specially assigned to the Superior Court.

On August 20, 2009, Appellant and Ms. Callen-Foertsch entered into an oil and gas lease for the real property. The oil and gas lease relevantly provides "this memorandum of lease…is between [Ms. Callen-Foertsch] and [Appellee], as joint tenants with right of survivorship, and not as tenants in common…and R.E. Gas Development, LLC[.]" Appellee's Complaint, filed 7/27/22, exhibit C (oil and gas lease dated 8/20/09). Pursuant to the lease, Appellee and Ms. Callen-Foertsch received royalty payments.

On November 6, 2021, Ms. Callen-Foertsch died. On December 7, 2021, Appellant, who is Ms. Callen-Foertsch's daughter, filed in the Butler County Recorder of Deeds Office a document titled "Pennsylvania Gift Deed" ("gift deed"). The gift deed, which is dated October 1, 2021, describes the real property at issue. Ms. Callen-Foertsch's signature appears on the gift deed. The gift deed was notarized by Theresa A. Roth, a notary public in the State of North Dakota. The gift deed relevantly provides:

> FOR CONSIDERATION of the love and affection which [Ms. Callen-Foertsch] an individual, married woman, hereafter referred to as "Grantor", bears unto my daughter, [Appellant], an individual, unmarried woman, hereafter referred to as "Grantee," and also for the better maintenance, support, protection and livelihood of Grantee, Grantor does hereby give, assign, transfer, and set over unto Grantee all right, title, and my interest in and to the following land, property, and mineral rights, together with all improvements located thereon, lying in the county of Butler, State of Pennsylvania.

Appellee's Complaint, filed 7/27/22, exhibit B (gift deed dated 10/1/21).

After Ms. Callen-Foertsch's death, Appellant asserted she was entitled to her mother's share of the royalty payments under the oil and gas lease,

- 2 -

and she indicated she held the real property as a tenant in common with Appellee.  Accordingly, in Count 1 of his complaint, Appellee requested the trial court quiet title of the real property in favor of Appellee. In Count 2 of his complaint, Appellee requested the trial court quiet title of the oil and gas lease in favor of Appellee.  Relevantly, Appellee asserted the gift deed did not sever the joint tenancy between him and Ms. Callen-Foertsch and, thus, upon her death, her interest in the real property, as well as the oil and gas lease, passed to Appellee as the sole survivor of the joint tenancy.

On March 9, 2023, Appellant filed an answer with new matter and a counterclaim.  Therein, Appellant raised a single counterclaim of *quantum meruit*/unjust enrichment.  In this vein, Appellant averred that, since October 1, 2021, she has paid all the property taxes for the 125-acre real property. She alleged that Appellee should reimburse her for his share of the property taxes.  Accordingly, because she has paid all the taxes, she averred Appellee has been unjustly enriched, and she requested the trial court direct Appellee to reimburse Appellant for his share of the property taxes. On March 31, 2023, Appellee filed a reply to Appellant's answer with new matter and counterclaim. Therein, Appellee admitted Appellant paid the property taxes "in the Spring of 2022." Appellee's Reply, filed 3/31/23, at 4. However, Appellee indicated he paid the remainder of the property taxes. *Id.*

On June 15, 2023, Appellee filed a motion for judgment on the pleadings.  Therein, Appellee averred there were no disputed issues of fact,

and he was entitled to judgment as a matter of law. Specifically, Appellee averred that, assuming the gift deed is valid, the gift deed did not sever Ms. Callen-Foertsch's joint tenancy with Appellee. Thus, Appellee averred that, as a matter of law, he is entitled to the "quiet and exclusive peaceful possession" of the real property, as well as the royalties and all interests under the oil and gas lease. Appellee's Motion for Judgment on the Pleadings, filed 6/15/23, at 5.

On September 14, 2023, Appellant filed a reply in opposition to Appellee's motion for judgment on the pleadings. Therein, Appellant averred that, prior to her death, Ms. Callen-Foertsch conveyed her interest in the real property, as well as the oil and gas lease, to Appellant via a valid gift deed. She alleged the gift deed severed the joint tenancy with right of survivorship and created a tenancy in common between Appellant and Appellee.[1]

On September 25, 2023, the trial court granted Appellee's motion for judgment on the pleadings. The trial court indicated:

1) [Appellee's] motion for [] judgment on the pleadings is hereby granted.

2) Judgment is entered in favor of [Appellee] as to Counts 1 and 2 of his Complaint as follows:

_____

[1] In his motion for judgment on the pleadings, Appellee made no reference to Appellant's counterclaim and did not seek the entry of judgment in his favor with regard thereto. Likewise, Appellant made no mention of her counterclaim in her answer in opposition to Appellee's motion for judgment on the pleadings. On September 21, 2023, the trial court held oral argument on the motion for judgment on the pleadings, and the parties did not mention Appellant's outstanding counterclaim.

> a) The Court declares that [Appellee] has sole title to the subject property in fee simple.
>
> b) [Appellee] owns in fee simple and is entitled to the quiet peaceful possession of the oil, gas, mineral rights, and estate of the subject property.

Trial Court Order, filed 9/25/23, at 1.

In its accompanying opinion, the trial court indicated Ms. Callen-Foertsch and Appellee owned the property and interest under the oil and gas lease as joint tenants with the right of survivorship and not as tenants in common. Assuming the gift deed is valid, Ms. Callen-Foertsch transferred her "interest in" the land to Appellant. However, the trial court determined the gift deed did not destroy the joint tenancy between Ms. Callen-Foertsch and Appellee since the only "interest" Ms. Callen-Foertsch held in the property was a joint tenancy with the right of survivorship. Thus, when she died, her interest passed to Appellee as the sole survivor of the joint tenancy. Neither the trial court's order nor its opinion addressed Appellant's counterclaim regarding reimbursement for the property taxes.

On October 19, 2023, Appellant filed a notice of appeal. On appeal, Appellant contends the trial court erred in granting Appellee's motion for judgment on the pleadings as to Appellee's first and second claims in his complaint, thus quieting title of the real property, as well as the oil and gas lease, in favor of Appellee.

Preliminarily, we must address whether the instant appeal is properly before us. It is well-settled that "the appealability of an order directly

implicates the jurisdiction of the court asked to review the order." **Knopick v. Boyle**, 189 A.3d 432, 436 (Pa.Super. 2018) (citation omitted). "Accordingly, this Court has the power to inquire at any time, *sua sponte*, whether an order is appealable." **Id.** (citations omitted). Such an issue raises a question of law; accordingly, our standard of review is *de novo*, and our scope of review is plenary. **Barak v. Karolizki**, 196 A.3d 208, 215 (Pa.Super. 2018).

Generally, only final orders are appealable. **See** Pa.R.A.P. 341(a). However, there are three limited exceptions: (1) interlocutory appeals as of right (Pa.R.A.P. 311); (2) interlocutory appeals by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); and (3) collateral orders (Pa.R.A.P. 313). **See Bloome v. Alan**, 154 A.3d 1271 (Pa.Super. 2017).

In the case *sub judice*, Appellant, without elaboration, indicates she is appealing from a final order, and, thus, this Court has jurisdiction. **See** Appellant's Brief at 1. A final order is one that disposes of all the parties and all the claims; or is entered as a final order pursuant to the trial court's determination under Pa.R.A.P. 341(c). **See** Pa.R.A.P. 341(b)(1), (3), (c).

Here, while the trial court's grant of judgment on the pleadings in favor of Appellee disposed of all the claims in Appellee's complaint (*i.e.*, it quieted title in favor of Appellee as to the real property, as well as the oil and gas lease), the trial court's order did not dispose of Appellant's counterclaim for monetary damages, which was based on a theory of unjust enrichment related

to Appellant paying the property taxes. There is no indication from the certified record or the parties' briefs that Appellant discontinued her counterclaim, the parties reached a settlement as to the counterclaim, or the counterclaim was otherwise disposed of by the trial court. As such, the counterclaim remains pending such that the litigants have not been put out of court. *See Druot v. Coulter*, 946 A.2d 708 (Pa.Super. 2008) (*per curiam*) (holding an order that does not address an outstanding counterclaim is not a final order unless there is an express determination that an immediate appeal would facilitate the resolution of the case). Accordingly, the trial court's order did not dispose of all parties and all claims as provided for in Pa.R.A.P. 341(b)(1). Moreover, no party requested the trial court's order granting Appellee's motion for judgment on the pleadings be entered as a final order pursuant to Pa.R.A.P. 341(c).

Further, we conclude the trial court's order is not an interlocutory order appealable as of right under Pa.R.A.P. 311.[2] Additionally, Appellant did not seek permission to appeal pursuant to Chapter 13, relating to interlocutory

---

[2] We note that, under Pa.R.A.P. 342(a)(6), "[an] appeal may be taken as of right from the following orders of the Orphans' Court Division:…(6) An order determining an interest in real or personal property[.]" Pa.R.A.P. 342(a)(6). Here, the instant matter was brought as an action to quiet title in the Civil Division, as opposed to the Orphans' Court Division, of the Court of Common Pleas of Butler County. Simply put, there is no indication this matter pertains to "the administration of an estate, trust or guardianship[.]" Pa.R.A.P. 342, Note.

appeals by permission. **See** Pa.R.A.P. 312. Finally, Appellant presents no averment that the trial court's order is a collateral order under Pa.R.A.P. 313.[3]

For all of the foregoing reasons, we conclude the instant appeal is taken from a non-appealable interlocutory order. Thus, we lack jurisdiction to decide the merits of the issues related to the quiet title action at this time. Accordingly, we quash the appeal.

Appeal Quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 5/15/2024

---

[3] In any event, we note that, in order to meet the requirements of the collateral order doctrine, an appellant must demonstrate: "(1) the order is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the claim will be irreparably lost if review is postponed until final judgment in the case." Pa.R.A.P. 313(b); **Rae v. Penn. Funeral Directors Ass'n**, 602 Pa. 65, 977 A.2d 1121, 1125 (2009). All three prongs must be satisfied before this Court can exercise jurisdiction. **Rae**, **supra**, 977 A.2d at 1125.

In the case *sub judice*, there is no indication that the rights involving the quiet title action are too important to be denied review at this juncture or that the claims related thereto will be irreparably lost if review is postponed until the trial court can rule on Appellant's counterclaim seeking reimbursement for her alleged payment of taxes on the real property. **See Rae**, **supra**. Thus, we conclude the collateral order doctrine is not applicable.