J-A24023-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| 4102 PARKSIDE, LP | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PARKSIDE HISTORIC PRESERVATION | : | No. 3142 EDA 2023 |
| CORPORATION A/K/A PARKSIDE | : | |
| HISTORIC PRESERVATION CORP. | : | |
| AND PARKSIDE DEVELOPMENT | : | |
| CORPORATION, A PENNSYLVANIA | : | |
| CORPORATION | : | |

Appeal from the Order Entered November 28, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  210302258

BEFORE:  LAZARUS, P.J., KING, J., and LANE, J.

MEMORANDUM BY KING, J.:                    **FILED APRIL 3, 2025**

Appellant, 4102 Parkside, LP, appeals from the order entered in the
Philadelphia County Court of Common Pleas, which dismissed its complaint
against Appellees, Parkside Historic Preservation Corporation, a/k/a Parkside
Historic Preservation Corp., ("Parkside Historic") and Parkside Development
Corporation, a Pennsylvania Corporation ("Parkside Development").   We
quash the appeal.

The relevant facts and procedural history of this case are as follows.
Appellant purchased property located at 4100-02 Parkside Avenue,
Philadelphia, Pennsylvania (the "4100-02 Property") from Parkside
Development on March 7, 2014.   The deed memorializing the sale from

Parkside Development to Appellant was recorded on April 8, 2014. Parkside Historic, an affiliate of Parkside Development, owns the properties contiguous to the 4100-02 Property, located at 1234 North 41st Street, Philadelphia, PA ("1234 Property") and 1236 North 41st Street, Philadelphia, PA ("1236 Property"), (collectively, the "1234-36 Properties"), containing grassy lots.

Under the belief that it owned the 1234-36 Properties, Appellant made improvements to the lots, developing them into a parking area and manicured grassy courtyard for the apartments located at 4100-02 Parkside. In December 2020, Appellant learned that it did not own the 1234-36 Properties when it was researching the City of Philadelphia's property records for a potential purchase of a neighboring church and adjacent lots. Appellant requested that Parkside Historic transfer the lots to Appellant, contending that the original 2014 sale was intended to include the 1236 Property, and asked to buy the 1234 Property. Parkside Historic offered to sell Appellant both lots for $190,000.00, which Appellant refused. When both parties could not reach an agreement, Appellee proceeded to put the 1234-36 Properties up for sale.

Appellant filed a *praecipe* for entry of *lis pendens*[1] on March 23, 2021, and filed a complaint on May 12, 2021, seeking reformation of the deed based

---

[1] "'*Lis pendens* is Latin and means 'suit hanging' or 'suit pending.'" ***Iron City Construction, Inc. v. Westmoreland Wooded Acres, Inc.***, 288 A.3d 528, 530 (Pa.Super. 2023). "It applies when property is involved in a lawsuit, and functions to notify third parties that any interest that they may acquire in the property will be subject to the result of the action." ***Id.***

on mutual mistake or unilateral mistake against both Appellees, and declaratory judgment, unjust enrichment, and quiet title/right of perpetual license against Parkside Historic. On August 25, 2021, Appellees filed an answer with new matter in which it asserted a statute of limitations defense, and also filed counterclaims for unjust enrichment, seeking at least $30,000.00 in rent for Appellant's use of the property, and for conversion requesting that the court order Appellant to remove structures on the property or compensate Appellees for removal.

The court conducted a pre-trial settlement conference on November 15, 2023. After hearing from counsel for each party what their position was with respect to the case overall, the court explained:

> Okay. So, you know, this, this case, obviously, I inherited, but this is where I am so far with this matter. I believe that you need to present something to the [c]ourt as to why this case should not be dismissed prior to any trial because it seems to me the law is against you.
>
> Now, look, I could be totally wrong, but I don't believe that I am.
>
> That being said, I want to give you time maybe just to submit a brief memo as to why this matter should not be dismissed, okay?
>
> And it doesn't have to be in depth, but just show the law why it shouldn't be dismissed. Maybe, you know, three, four, five pages, whatever. Just a memo showing that.
>
> And if you want to do a response, couple pages as to why.
>
> *    *    *
>
> So I'll give you a week, counsel, to try to submit that

- 3 -

because I'm not poised to now try to resolve the case because I do think the law, unfortunately, is against you, I believe.

So just you write a memo as to your basis.

(N.T. Hearing, 11/15/23, at 12-13).[2]  The trial court notes that both parties submitted memoranda; however, neither memorandum is included on the docket or in the certified record.

On November 28, 2023, the court entered an order dismissing Appellant's claims as barred by the statute of limitations, striking the *lis pendens* on Appellees' properties, and ordering that Appellant shall cease all trespass on Appellees' property and remove all offending structures.  (Order, 11/28/23).  Significantly, the court's order did not issue a ruling on Appellees' counterclaim for unjust enrichment.  Appellant filed a timely notice of appeal on December 11, 2023.  Pursuant to the court's order, Appellant filed its concise statement of errors complained of on appeal on December 18, 2023.

As a preliminary matter, we must determine whether this appeal is properly before us.  It is well-settled that "the appealability of an order directly implicates the jurisdiction of the court asked to review the order." ***Knopick v. Boyle***, 189 A.3d 432, 436 (Pa.Super. 2018) (citation omitted). "Accordingly, this Court has the power to inquire at any time, *sua sponte*, whether an order is appealable." ***Id.*** (citations omitted).

_____

[2] At the time of the pre-trial settlement conference, neither party had filed a motion to dismiss or a motion for summary judgment.

"Generally, [f]or an order to be appealable, it must be (1) a final order, (2) an interlocutory order appealable by right or permission, or (3) a collateral order." ***Dovin v. Honey Brook Golf Club L.P.***, 325 A.3d 1282, 1287-88 (Pa.Super. 2024) (citations omitted; brackets in original). Pennsylvania Rule of Appellate Procedure 341 concerns final orders and provides:

**Rule 341. Final Orders; Generally**

**(a) General Rule.** Except as prescribed in subdivisions (d) and (e) of this rule, an appeal may be taken as of right from any final order of a government unit or trial court.

**(b) Definition of Final Order.** A final order:

(1) disposes of all claims and of all parties;

(2) (Rescinded);

(3) is entered as a final order pursuant to subdivision(c) of this rule; or

(4) is an order pursuant to subdivision (f) of this rule.

**(c) Determination of Finality.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order. In addition, the following conditions shall apply:

(1) An application for a determination of finality under subdivision (c) must be filed within 30 days of entry of the order. During the time an application for a

> determination of finality is pending, the action is stayed.
>
> (2) Unless the trial court or other government unit acts on the application within 30 days after it is filed, the trial court or other government unit shall no longer consider the application and it shall be deemed denied.
>
> (3) A notice of appeal may be filed within 30 days after entry of an order as amended unless a shorter time period is provided in Pa.R.A.P. 903(c). Any denial of such an application is reviewable only through a petition for permission to appeal under Pa.R.A.P. 1311.

Pa.R.A.P. 341(a)-(c).

If a trial court dismisses a complaint, but does not dispose of counterclaims, the order is generally considered interlocutory unless the trial court expressly determines that "an immediate appeal would facilitate resolution of the entire case." *Druot v. Coulter*, 946 A.2d 708, 709 (Pa.Super. 2008) (citing Pa.R.A.P. 341(c)).

Instantly, the trial court's November 28, 2023 order disposed of all the claims in Appellant's complaint, and seemingly disposed of Appellees' claim for conversion by ordering Appellant to remove the offending structures. Nevertheless, the court's order did not dispose of Appellees' counterclaim for monetary damages, which was based on a theory of unjust enrichment related to Appellant using the property as a parking lot for tenants. There is no indication from the certified record or the parties' briefs that Appellees discontinued their counterclaim or that the parties reached a settlement on

the claim. As such, we conclude that the claim remains pending, and the trial court's order did not dispose of all parties and all claims as provided for in Rule 341(b)(1).[3]

Furthermore, the trial court's order is not an interlocutory order appealable as of right under Rule 311.[4] Appellant also did not seek permission to appeal pursuant to Rule 312. And finally, Appellant presents no claim that the trial court's order is collateral under Rule 313.[5] Accordingly, we conclude

_____

[3] No party requested that the trial court's order be entered as a final order pursuant to Rule 341(c).

[4] We note that, under Rule 342(a)(6), "[an] appeal may be taken as of right from the following orders of the Orphans' Court Division: ... (6) An order determining an interest in real or personal property[.]" Pa.R.A.P. 342(a)(6). The instant case was brought in the Civil Division, as opposed to the Orphans' Court Division, of the Court of Common Pleas of Philadelphia County. Moreover, there is no indication this matter pertains to "the administration of an estate, trust or guardianship[.]" Pa.R.A.P. 342, Note.

[5] In its brief, Appellant claims that despite the court's order being interlocutory, this Court should exercise jurisdiction because by canceling the trial, the trial court left Appellant with no other option but to file an appeal. Appellant cites to *Kulp v. Hrivnak*, 765 A.2d 796, 799 (Pa.Super. 2000), for the proposition that this Court may exercise jurisdiction despite the court's order not being final. In *Kulp*, the trial court entered an order compelling performance of the settlement agreement. Although the parties did not challenge the merits of the court's order, they challenged the award of attorneys' fees. This Court permitted the appeal because settlement of the case resulted in the parties having no subsequent chance to appeal the portion of the order directing them to pay attorneys' fees and costs.

The instant case presents a much different situation. Here, Appellant may not have had the opportunity to proceed to trial, but it did have the opportunity to further pursue its argument before the trial court, either through a motion for reconsideration or a petition for entry of a final order. Based on our
*(Footnote Continued Next Page)*

- 7 -

that the instant appeal is taken from a non-appealable interlocutory order, and we quash the appeal.[6]

Appeal quashed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/3/2025

_____

disposition quashing this appeal, Appellant may still be able to avail itself of these options, as there are still outstanding claims and the case is not yet final.

[6] We note that in general, an order striking a *lis pendens* notice "is an immediately appealable order, either as a final or collateral order." ***Barak v. Karolizki***, 196 A.3d 208, 220 (Pa.Super. 2018). Nevertheless, this Court has held that where "the propriety of the *lis pendens* is but one of several claims at issue in the trial court," an order that denied a motion to strike *lis pendens* "did not dispose of all claims of all parties in the instant case and is, thus, not a final, appealable order over which we may exercise our jurisdiction." ***Iron City Constr., Inc., supra*** at 531. Likewise, in the instant case, the *lis pendens* was one of several claims before the trial court, and the trial court's order did not dispose of all claims of all parties. ***See id.***

- 8 -