J-A19025-18

2019 PA Super 288

| | | |
|---|---|---|
| LESLEY COREY, AS ADMINISTRATRIX OF THE ESTATE OF JOSEPH COREY, AND LESLEY COREY, IN HER OWN RIGHT | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| | : | No. 1980 MDA 2017 |
| WILKES BARRE HOSPITAL COMPANY, LLC D/B/A WILKES-BARRE GENERAL HOSPITAL EMERGENCY DEPARTMENT AND J. CHARLES LENTINI, M.D. | : : : : : : : | |
| v. | : : : | |
| PENNSYLVANIA PHYSICIANS SERVICES, LLC | : : : : : | |
| APPEAL OF: LESLEY COREY | : | |

Appeal from the Order Entered November 20, 2017
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
2015-07551

BEFORE:  GANTMAN, P.J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

CONCURRING AND DISSENTING OPINION BY NICHOLS, J.:

Filed:  September 23, 2019

I agree with the majority opinion on many of the issues discussed in this

appeal.[1]  However, I am constrained to disagree with the specific application

_____

[1] Specifically, I join the majority's conclusions that this Court has jurisdiction to consider the trial court's order requiring disclosure of materials that Appellant claims are subject to the attorney-client privilege.  I also agree that

of the "at-issue" exception to the attorney-client privilege under the circumstances of this case.

Briefly, it bears repeating that Appellant commenced the instant against WBH for wrongful death, survival, and loss of consortium, among other claims related to the death of her husband (the decedent). However, approximately six months before the decedent's death, Appellant commenced a divorce action against the decedent.

Of particular relevance to this matter, WBH had the following information in its possession when it sought the materials at issue in this appeal. First, Appellant filed for divorce in February 2013, and the decedent filed a counter-claim. **See** WBH's Mot. to Strike Appellant's Objs. to Subpoenas, 12/6/16, at ¶¶ 4-6. There was no dispute that Appellant and the decedent each alleged an irretrievable breakdown in their marriage and averred they were living separate and apart for the two years before their divorce filings. **See id.** Moreover, this divorce action was "active and pending" at all times relevant to WBH's treatment of the decedent. **Id.** at ¶ 7.

---

Appellant did not waive her arguments on appeal by failing to take an interlocutory appeal from the trial court's prior order requiring her to submit the materials for an *in camera* review. Additionally, I concur to the extent the majority finds that the trial court did not err in directing an *in camera* review under the circumstances of this case. Lastly, the majority has ably summarized the general principles governing our review of Appellant's claims in this appeal. **See** Majority Op. at 9-11 (quoting **Red Vision Sys. v. Nat'l Real Estate Info. Services, L.P.**, 108 A.3d 54, 61-62 (Pa. Super. 2015)); **see also BouSamra v. Excela Health**, 210 A.3d 967, 982 (Pa. 2019).

Second, after Appellant filed the underlying medical malpractice action against WBH, WBH deposed her in February 2017. In her deposition, Appellant stated she filed for divorce to save the marriage. **See** WBH's Mot. to Produce Certain Documents Identified on a Privilege Log, 5/8/17, at ¶ 7 & Ex. D. Appellant further asserted that she did not intend to go through with a divorce and wanted the decedent to seek treatment for substance abuse issues. **Id.** at ¶¶ 6-7 & Exs. C-D.

Third, after Appellant's deposition, WBH obtained correspondence exchanged between the divorce counsel for Appellant and the decedent. Those documents outlined ongoing settlement negotiation in the divorce proceeding from May 2013 to July 2013. **Id.** at ¶¶ 8-12. Specifically, a May 15, 2013 letter from Appellant's divorce counsel to the decedent's divorce counsel stated Appellant and the decedent were not in marriage counseling. **See id.** at Ex. E. The same letter suggested that Appellant and the decedent discussed reconciliation, but Appellant wanted to "move out of the residence and maintain herself and the children" as a precondition for reconciliation. **Id.** Appellant's divorce counsel indicated Appellant was "preparing to move out of the residence and wants to do so in the very near future." **Id.**

In a letter from Appellant's divorce counsel to the decedent's counsel, dated July 8, 2013, Appellant's divorce counsel outlined potential terms to settle the divorce matter. **See id.** at Ex. H. In a subsequent letter, dated July 23, 2013, Appellant's divorce counsel asserted Appellant authorized her

divorce counsel to petition for the appointment of a master if the decedent's counsel did not respond to the July 8 letter. *See id.* at Ex. I.

On August 9, 2013, seventeen days after the last known exchange between Appellant's and the decedent's divorce counsel, the decedent fell ill and was hospitalized at WBH. The decedent died on August 11, 2013. Appellant, who was appointed administrator of her decedent's estate, filed the underlying medical malpractice action against WBH.

WBH served subpoenas to produce documents on Appellant's divorce counsel, seeking to disclose communications between Appellant and divorce counsel. The intervening procedural history is unnecessary to discuss. Ultimately, WBH filed a motion to compel Appellant's divorce counsel to disclose Appellant's correspondence. WBH reasoned, in part, that disclosure was necessary to rebut Appellant's deposition testimony that she filed for divorce to save the marriage and to have the decedent enter treatment for his alleged substance abuse. WBH asserted that there was no Pennsylvania case law on point, but cited to *Stogner v. Sturdivant*, 2011 WL 4435254 (M.D. La. Sept. 22, 2011) (order), an unreported federal court decision.

The trial court conducted an *in camera* review of the contested documents and granted WBH's motion to compel. The trial court relied on *Stogner* and *Scifres v. Ford Motor Co.*, 2007 WL 201043 (W.D. Okla. Jan. 24, 2007) (order) to conclude the documents were relevant and nondisclosure would result in prejudice to WBH. Although the trial court did not discuss the individual documents to be disclosed, it included the documents, under seal,

as part of the certified record. The trial court determined that the materials sought by WBH were "highly relevant" to Appellant's loss of consortium claim and non-disclosure would "prejudice" WBH's ability to defend against the loss of consortium claim. Trial Ct. Op., 4/11/18, at 15.

> Under Pennsylvania law, there is
>
> a shifting burden of proof in disputes over disclosure of communications allegedly protected by attorney-client privilege. The party invoking a privilege must initially "set forth facts showing that the privilege has been properly invoked; then the burden shifts to the party seeking disclosure to set forth facts showing that disclosure will not violate the attorney-client privilege, e.g., because the privilege has been waived or because some exception applies."

*Custom Designs & Mfg. Co. v. Sherwin-Williams Co.*, 39 A.3d 372, 376 (Pa. Super. 2012) (citation omitted).

Once the attorney-client privilege is invoked and the party seeking disclosure attempts to establish waiver or an exception, the trial court should issue a ruling with respect to each document actually sought. *See Gocial v. Indep. Blue Cross*, 827 A.2d 1216, 1223 (Pa. Super. 2003). In some instances, "*in camera* review may be required." *See id.*

When relying on *Stogner* and *Scifres*, the trial court here applied the test announced by the federal district court in *Hearn v. Rhay*, 68 F.R.D. 574 (E.D. Wash. 1975). The *Hearn* test provides that a party waives the attorney-client privilege if the following three conditions are met:

> (1) assertion of the privilege was a result of some affirmative act, such as filing suit, by the asserting party; (2) through this affirmative act, the asserting party put the protected information

at issue by making it relevant to the case; and (3) application of the privilege would have denied the opposing party access to information vital to his defense.

***Hearn***, 68 F.R.D. at 581.[2]

The ***Hearn*** test is comparable to Pennsylvania law. Under Pennsylvania law, it is well-settled that the attorney-client privilege "is not absolute" and a trial judge may disclose otherwise confidential communications "when it is shown that the interests of the administration of justice can only be frustrated by the exercise of the privilege . . . ." ***Red Vision***, 108 A.3d at 62 (citation omitted). The third prong of the ***Hearn*** test requires that the information disclosed by a court be vital to a defense. ***See Hearn***, 68 F.R.D. at 581. This mirrors this Court's statements that when "the interests of justice are so compelling, and the interests of the client in preserving the confidence so insignificant, . . . the cloak of secrecy may be removed and the confidence disclosed." ***Cohen v. Jenkintown Cab Co.***, 357 A.2d 689, 692 (Pa. Super. 1976). Both tests for disclosure require a careful balancing of interests, including whether the information is relevant and whether disclosure is necessary under the circumstances of a case.

---

[2] The ***Hearn*** test is not universally accepted, and other courts have criticized the test as overly broad. ***See Rhone-Poulenc Rorer Inc. v. Home Indem. Co.***, 32 F.3d 851, 864 (3d Cir. 1994) (concluding, "[r]elevance is not the standard for determining whether or not evidence should be protected from disclosure as privileged"); ***see also In re Cty. of Erie***, 546 F.3d 222, 229 (2d Cir. 2008) (citations omitted) (holding the "***Hearn*** test presumes that the information is relevant and should be disclosed and would open a great number of privileged communications to claims of at-issue waiver").

Instantly, Appellant set forth sufficient facts that the communications between her and her divorce counsel were privileged, and the burden of disclosing the challenged material shifted to WBH. *See Custom Designs & Mfg.*, 39 A.3d at 376. As noted above, WBH possessed information regarding the state of Appellant's and the decedent's marriage, as well as information regarding Appellant's own state of mind with respect to the divorce. *See* WBH's Mot. to Produce Certain Documents Identified on a Privilege Log at ¶¶ 8-12 & Exs. E, H, I. WBH asserted that further information contained in the privilege log regarding the divorce action was necessary to rebut Appellant's deposition testimony implicating her state of mind as to divorce and the state of her marriage to the decedent. Moreover, the parties submitted a privilege log, and the trial court conducted an *in camera* review, and submitted the challenged materials for appellate review.

Based on a review of this record, I agree with the trial court and the majority that WBH's proffer established the information sought could be relevant. Relevance alone, however, is not sufficient to warrant disclosure. *See Cohen*, 357 A.2d at 692.

Instead, Pennsylvania law has consistently required more than mere relevance to support a court's decision to direct disclosure. *See id.* Our law requires a trial court to determine whether there is a compelling need for the document to be disclosed under the particular circumstances of a case. *See id.* Furthermore, I believe that the question of disclosure is better decided on

the specific record in a given case rather than relying on applications of general principles.

Therefore, I cannot agree that the trial court's general assertions of prejudice to WBH were sufficient to compel disclosure of attorney-client privileged documents in this case. I would remand this matter for the trial court to review each document requested by WBH. *See Gocial*, 827 A.2d at 1223 (requiring that the trial court render individualized rulings for each specific or discrete category of document at issue). I would also require the trial court to determine whether WBH established a compelling need for information it sought based on the record developed by the parties. *See id.*; *see also Cohen*, 357 A.2d at 692. To the extent the information requested was cumulative of information already in possession of WBH, I believe that it would be difficult for the trial court to determine that the information to be disclosed was necessary to WBH's defense as to Appellant's loss of consortium claim. *See Cohen*, 357 A.2d at 692.

For these reasons, I respectfully dissent from the majority's decision to affirm the trial court's order.